Ex parte Larry Donald LINDSEY, Applicant.

Nos. AP–75417, AP–75418.

Court of Criminal Appeals of Texas.

June 13, 2007.

---

**32.** *Id.; Beck v. State,* 719 S.W.2d 205, 209 (Tex.Cr.App.1986).

Larry Donald Lindsey, Pro Se, for appellant.

Laura Ann Coats, Asst. D.A., Dallas, Matthew Paul, State's Attorney, Austin, for state.

## PER CURIAM.

The applicant in this case contends that he has been erroneously deemed ineligible for mandatory supervision. He also contends that he has been improperly denied "street-time" credit. We will grant relief as to his mandatory supervision claim and deny it as to his street-time claim.

### Mandatory Supervision

The applicant was convicted in 1997 of aggravated assault [1] and burglary of a habitation [2] and sentenced to ten years in the penitentiary. In 2003, he was released to mandatory supervision, but it was later revoked, and the applicant was returned to prison. In 2005, the Department of Criminal Justice determined that the applicant was statutorily ineligible for release to mandatory supervision because of the nature of his convictions, and it denied him release. That ruling forms the basis of the applicant's complaint.

Eligibility for release to mandatory supervision is governed by the law in effect at the time the offense was committed. [3] The record shows that the applicant committed the aggravated assault on February 8, 1994. The law in effect at that time stated that a prisoner could not be released to mandatory supervision if the prisoner was serving a sentence for "a second degree or first degree felony under Section 22.02, Penal Code (Aggravated Assault)." [4] The record shows the applicant was convicted of aggravated assault causing serious bodily injury, a third-degree felony. [5] Therefore, the applicant's conviction for aggravated assault does not make him ineligible for release to mandatory supervision.

As for the applicant's burglary conviction, the trial court entered findings of fact that the applicant committed the burglary offense on October 26, 1994. The trial court also found that the indictment alleged that the applicant entered "a habitation ... with the intent to commit a felony other than theft, namely, sexual assault."

Although the applicant's conviction for first-degree burglary would make him ineligible for release to mandatory supervi-

---

1. *See* PENAL CODE § 22.02 (1994).

2. *See* PENAL CODE § 30.02 (1994).

3. *Ex parte Coleman*, 59 S.W.3d 676, 676–77 (Tex.Cr.App.2001).

4. CODE CRIM. PROC. ART. 42.18, § 8(c)(5) (1994).

5. *See* PENAL CODE § 22.02(a)(1), (c) (1994).

sion under our current statutory scheme,[6] the mandatory supervision statute was not amended to reflect changes in the burglary statute until 1996. Therefore, the relevant statute at the time of the applicant's offense was the 1994 version, which made a prisoner ineligible for mandatory supervision only if the prisoner was convicted of "a first degree felony under Section 30.02, Penal Code (Burglary), *if the offense is punished under Subsection (d)(2) or (d)(3) of that section.*"[7]

Subsection (d) of the 1994 version of Section 30.02 read as follows:

(d) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation; or

(2) any party to the offense is armed with explosives or a deadly weapon; or

(3) any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building.[8]

On remand, the trial court found that the applicant had been convicted under Subsection (d)(1) and is therefore eligible for mandatory supervision. The applicant is entitled to relief.

### "Street Time"

In a separate claim, the applicant asserts that he was improperly denied street-time credit for the time that he was released to mandatory supervision before it was revoked. However, the trial court found that the applicant acknowledged in his own writ application that he did not meet the "halfway point" of his sentence necessary for consideration of such time against his remaining sentence.[9] That application is denied.

### Conclusion

The application for relief is granted in part and denied in part.

---

**6.** *See* Gov't Code § 508.149(a)(13); Penal Code § 30.02(a), (d).

**7.** Code Crim. Proc. Art. 42.18, § 8(c)(11) (1994) (emphasis added).

**8.** Penal Code § 30.02(d) (1994).

**9.** *See* Gov't Code § 508.283.