IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







AP-75,417 & AP-75,418






EX PARTE LARRY DONALD LINDSEY, Applicant






On application for writ of habeas corpus from


Cases W94-50779-I and W94-44527-I of the


Criminal District Court No.2 of Dallas County






 Per curiam.



 The applicant in this case contends that he has been erroneously deemed ineligible for
mandatory supervision. He also contends that he has been improperly denied "street-time" credit. We
will grant relief as to his mandatory supervision claim and deny it as to his street-time claim.Mandatory Supervision

 The applicant was convicted in 1997 of aggravated assault (1) and burglary of a habitation (2) and
sentenced to ten years in the penitentiary. In 2003, he was released to mandatory supervision, but it
was later revoked, and the applicant was returned to prison. In 2005, the Department of Criminal
Justice determined that the applicant was statutorily ineligible for release to mandatory supervision
because of the nature of his convictions, and it denied him release. That ruling forms the basis of the
applicant's complaint.

 Eligibility for release to mandatory supervision is governed by the law in effect at the time the
offense was committed. (3) The record shows that the applicant committed the aggravated assault on
February 8, 1994. The law in effect at that time stated that a prisoner could not be released to
mandatory supervision if the prisoner was serving a sentence for "a second degree or first degree felony
under Section 22.02, Penal Code (Aggravated Assault)." (4) The record shows the applicant was
convicted of aggravated assault causing serious bodily injury, a third-degree felony. (5) Therefore, the
applicant's conviction for aggravated assault does not make him ineligible for release to mandatory
supervision.

 As for the applicant's burglary conviction, the trial court entered findings of fact that the
applicant committed the burglary offense on October 26, 1994. The trial court also found that the
indictment alleged that the applicant entered "a habitation . . . with the intent to commit a felony other
than theft, namely, sexual assault."

 Although the applicant's conviction for first-degree burglary would make him ineligible for
release to mandatory supervision under our current statutory scheme, (6) the mandatory supervision
statute was not amended to reflect changes in the burglary statute until 1996. Therefore, the relevant
statute at the time of the applicant's offense was the 1994 version, which made a prisoner ineligible for
mandatory supervision only if the prisoner was convicted of "a first degree felony under Section 30.02,
Penal Code (Burglary), if the offense is punished under Subsection (d)(2) or (d)(3) of that
section." (7)

 Subsection (d) of the 1994 version of Section 30.02 read as follows:

(d) An offense under this section is a felony of the first degree if:


 (1) the premises are a habitation; or

 

 (2) any party to the offense is armed with explosives or a
deadly weapon; or


 (3) any party to the offense injures or attempts to injure anyone
in effecting entry or while in the building or in immediate flight
from the building. (8)


 On remand, the trial court found that the applicant had been convicted under Subsection (d)(1)
and is therefore eligible for mandatory supervision. The applicant is entitled to relief.

"Street Time"

 In a separate claim, the applicant asserts that he was improperly denied street-time credit for
the time that he was released to mandatory supervision before it was revoked. However, the trial court
found that the applicant acknowledged in his own writ application that he did not meet the "halfway
point" of his sentence necessary for consideration of such time against his remaining sentence. (9) That
application is denied.


Conclusion

 The application for relief is granted in part and denied in part. 


Delivered June 13, 2007.

Publish.
1. See Penal Code § 22.02 (1994).
2. See Penal Code § 30.02 (1994).
3. Ex parte Coleman, 59 S.W.3d 676, 676-77 (Tex. Cr. App. 2001).
4. Code Crim. Proc. Art. 42.18, § 8(c)(5) (1994).
5. See Penal Code § 22.02(a)(1), ©) (1994).
6. See Gov't Code § 508.149(a)(13); Penal Code § 30.02(a), (d).
7. Code Crim. Proc. Art. 42.18, § 8(c)(11) (1994) (emphasis added).
8. Penal Code § 30.02(d) (1994).
9. See Gov't Code § 508.283.