COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-123-CV

 

 

IN RE SYLVESTER LEE MACK

A/K/A SYLVESTER MACK                                                        RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this mandamus proceeding,
relator complains of the trial court=s denial of his motion for entry of a judgment nunc pro tunc to
correct the degree of offense for which relator was convicted.  We conditionally grant the writ of mandamus.








On April 7, 2004, relator was
convicted of possession of less than one gram of cocaine; his conviction was
affirmed by this court.[2]  This offense was a state jail felony.[3]  The judgment, however, recites ADEGREE OF OFFENSE:  2nd.@ 

The parties agree that
relator=s punishment was enhanced by two prior felonies.  In this situation, the penal code provides
that the defendant Ashall be
punished for a second-degree felony.@[4]  The trial court=s judgment reflects that relator was sentenced to twenty years= confinement and a $10,000 fine, which is within the punishment range
for a second degree felony.[5]









 On November 27, 2006, relator filed a motion
in the trial court requesting that the court enter a judgment nunc pro tunc
correcting the ADEGREE OF
OFFENSE@ to reflect AState Jail
Felony.@  The trial court denied the
motion.          

Relator has filed a petition
for writ of mandamus in this court seeking to compel the trial court to grant
relator=s motion and enter a judgment nunc pro tunc reciting that the degree
of offense is a state jail felony. 








The purpose of a judgment
nunc pro tunc is to correctly reflect from the court's records the judgment the
court actually rendered but for some reason did not enter at the proper time.[6]  A judgment nunc pro tunc can be entered[7]
at any time, even after the expiration of the court=s plenary power.[8]  Nunc pro tunc can be used only to correct
clerical errors, not judicial ones.[9]  Whether an error is judicial or clerical in
nature is a question of law.[10]  The failure to record or to accurately record
a judgment that was rendered in fact is a clerical error.[11]  A judicial error is one that is the product
of judicial reasoning.[12]  A nunc pro tunc entry may be made to correct
a judgment to properly reflect the trial court's actual ruling, but it may not
be used to modify or add provisions to an order previously entered.[13]  








We may issue a writ of
mandamus only if relator can demonstrate that 
he has no other adequate remedy at law, and under the relevant law and
facts the trial court clearly abused its discretion in taking the action
complained of.[14]  There is no right to appeal an order denying
a request for judgment nunc pro tunc.[15]  Therefore, relator has no adequate remedy at
law.  In order for the trial court to
have clearly abused its discretion, the act sought to be compelled must have
been purely ministerial.[16]  An act is ministerial if it does not involve
the exercise of any discretion and a relator has a clear right to the relief
sought.[17]  If these factors are met, relator=s claim may be brought in a mandamus petition challenging the trial
court=s denial of relator=s motion for judgment nunc pro tunc.[18]








Upon a conviction, Athe proper judgment shall be entered immediately.@[19]  The judgment Ashall reflect: . . . [t]he offense or offenses for which the defendant
was convicted.@[20]  The State acknowledges that
the court of criminal appeals in Ex parte Coleman held that A[t]he punishment range for [the third degree felony] conviction was
enhanced to that for a second degree felony, but the enhancement did not change
the classification of the offense itself from that of a third degree felony.@[21]  Additionally, the court of
criminal appeals in State v. Webb held that A[f]ollowing [Webb=s] conviction [for a state jail felony], his punishment was then
enhanced, pursuant to '
12.42(a)(2), to the equivalent of a second degree felony.  Regardless of the enhancement, [Webb] was
tried for a state jail felony punishable under ' 12.35(a); that his punishment, as opposed to the offense itself, was
then subject to enhancement does not change that fact.@[22] 

The record before us reflects
that relator was convicted of a state jail felony and his punishment was
enhanced by two prior felony convictions. 
The enhancements did not change the classification of the offense itself
from that of a state jail felony to a second degree felony.[23]  Therefore, we conclude that the recitation in
the judgment that the degree of offense is a second degree felony is a
ministerial error because it does not involve the exercise of any discretion
and relator has a clear right to the relief sought.  Accordingly, we hold that the trial court
clearly abused its discretion in denying that portion of relator=s motion that sought entry of a judgment nunc pro tunc to correct the ADEGREE OF OFFENSE@ from A2nd@ to AState Jail
Felony.@  








We conditionally grant
mandamus relief and direct the trial court to enter a judgment nunc pro tunc
reflecting that the degree of offense for which relator was convicted was a
state jail felony.[24]  We are confident that the trial court will
promptly comply; our writ will issue only if it does not.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

HOLMAN,
J., dissents without opinion.

 

DELIVERED:  June 20, 2007                  











[1]See Tex. R.
App. P. 47.4.





[2]Mack v. State, No. 2-04-321-CR, 2005 WL 1244690
(Tex. App.CFort Worth May 26, 2005, pet. ref=d) (mem. op.) (not designated for
publication).





[3]See Tex.
Health & Safety Code Ann. ' 481.102(3)(D) (Vernon Supp. 2006) (listing cocaine in
Penalty Group 1); id. ' 481.115(a)-(b) (Vernon 2003) (specifying that
possession of less than one gram of a substance in Penalty Group 1 is a state
jail felony).  





[4]Tex. Penal Code Ann. '
12.42(a)(2) (Vernon Supp. 2006). 





[5]See Tex.
Penal Code Ann. ' 12.33 (Vernon 2003) (providing
that the punishment range for a second degree felony is imprisonment for a term
of not more than twenty years or less than two years, and a fine not to exceed
$10,000.)  





[6]Ex parte Dopps, 723 S.W.2d 669, 670 (Tex. Crim.
App. 1986); Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim. App.
[Panel Op.] 1980); see Tex. R.
App. P. 23.1. 





[7]A judgment nunc pro tunc may only
be entered; judgment may not be "rendered" nunc pro tunc under any
circumstances.  Jones v. State,
795 S.W.2d 199, 201 (Tex. Crim. App. 1990). 
This is because "rendition" is the event of judging and
"entry" simply records the judgment rendered.  Id. 





[8]State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim.
App. 1994). 





[9]Id. 





[10]Alvarez, 605 S.W.2d at 617. 





[11]Jones, 795 S.W.2d at 201 n.4. 





[12]Alvarez, 605 S.W.2d at 617. 





[13]Ex parte Dickerson, 702 S.W.2d 657, 658 (Tex. Crim.
App. 1986).





[14]See
State v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 926
(Tex. Crim. App. 2001).  





[15]Castor
v. State, 205 S.W.3d 666, 667 (Tex. App.CWaco
2006, no pet.); Sanchez v. State, 112 S.W.3d 311, 312 (Tex. App.CCorpus
Christi 2003, no pet.).





[16]See
State v. Court of Appeals, 34 S.W.3d at 927.  





[17]Id.





[18]See
Ex parte Ybarra, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); In
re Daisy, 156 S.W.3d 922, 924 (Tex. App.CDallas 2005, orig.
proceeding); see also Ex parte Forooghi, 185 S.W.3d 498, 499 (Tex. Crim.
App. 2006) (Johnson, J., concurring).





[19]Tex. Code
Crim. Proc. Ann. art.
37.12 (Vernon 2006).





[20]Id. art. 42.01, ' 1(13).





[21]59
S.W.3d 676, 676 (Tex. Crim. App. 2001).





[22]12
S.W.3d 808, 811 (Tex.
Crim. App. 2000).





[23]See
Coleman, 59 S.W.3d at 676; Webb, 12 S.W.3d at 811. 





[24]All other relief sought by relator=s petition for writ of mandamus is
denied.