COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-123-CV

IN RE SYLVESTER LEE MACK

A/K/A SYLVESTER MACK RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this mandamus proceeding, relator complains of the trial court’s denial of his motion for entry of a judgment nunc pro tunc to correct the degree of offense for which relator was convicted.  We conditionally grant the writ of mandamus.

On April 7, 2004, relator was convicted of possession of less than one gram of cocaine; his conviction was affirmed by this court.
(footnote: 2)  This offense was a state jail felony.
(footnote: 3)  The judgment, however, recites “DEGREE OF OFFENSE:  2
nd
.” 

The parties agree that relator’s punishment was enhanced by two prior felonies.  In this situation, the penal code provides that the defendant “shall be punished for a second-degree felony.”
(footnote: 4) 
 The trial court’s judgment reflects that relator was sentenced to twenty years’ confinement and a $10,000 fine, which is within the punishment range for a second degree felony.
(footnote: 5) 

 On November 27, 2006, relator filed a motion in the trial court requesting that the court enter a judgment nunc pro tunc correcting the “DEGREE OF OFFENSE” to reflect “State Jail Felony.”  The trial court denied the motion.          

Relator has filed a petition for writ of mandamus in this court seeking to compel the trial court to grant relator’s motion and enter a judgment nunc pro tunc reciting that the degree of offense is a state jail felony. 

The purpose of a judgment nunc pro tunc is to correctly reflect from the court's records the judgment the court actually rendered but for some reason did not enter at the proper time.
(footnote: 6)  A judgment nunc pro tunc can be entered
(footnote: 7) at any time, even after the expiration of the court’s plenary power.
(footnote: 8)  Nunc pro tunc can be used only to correct clerical errors, not judicial ones.
(footnote: 9)  Whether an error is judicial or clerical in nature is a question of law.
(footnote: 10)  The failure to record or to accurately record a judgment that was rendered in fact is a clerical error.
(footnote: 11)  A judicial error is one that is the product of judicial reasoning.
(footnote: 12)  A nunc pro tunc entry may be made to correct a judgment to properly reflect the trial court's actual ruling, but it may not be used to modify or add provisions to an order previously entered.
(footnote: 13)  

We may issue a writ of mandamus only if relator can demonstrate that  he has no other adequate remedy at law, and under the relevant law and facts the trial court clearly abused its discretion in taking the action complained of.
(footnote: 14)  
There is no right to appeal an order denying a request for judgment nunc pro tunc.
(footnote: 15)  
Therefore, relator has no adequate remedy at law.  In order for the trial court to have clearly abused its discretion, the act sought to be compelled must have been purely ministerial.
(footnote: 16)  An act is ministerial if it does not involve the exercise of any discretion and a relator has a clear right to the relief sought.
(footnote: 17)  If these factors are met, relator’s claim may be brought in a mandamus petition challenging the trial court’s denial of relator’s motion for judgment nunc pro tunc.
(footnote: 18)
 Upon a conviction, “the proper judgment shall be entered immediately.”
(footnote: 19)  The judgment “shall reflect: . . . [t]he offense or offenses for which the defendant was convicted.”
(footnote: 20)  The State acknowledges that the court of criminal appeals in 
Ex parte Coleman
 held that “[t]he punishment range for [the third degree felony] conviction was enhanced to that for a second degree felony, but the enhancement did not change the classification of the offense itself from that of a third degree felony.”
(footnote: 21)  Additionally, the court of criminal appeals in 
State v. Webb
 held that “[f]ollowing [Webb’s] conviction [for a state jail felony], his punishment was then enhanced, pursuant to § 12.42(a)(2), to the equivalent of a second degree felony.  Regardless of the enhancement, [Webb] was tried for a state jail felony punishable under § 12.35(a); that his punishment, as opposed to the offense itself, was then subject to enhancement does not change that fact.”
(footnote: 22) 

The record before us reflects that relator was convicted of a state jail felony and his punishment was enhanced by two prior felony convictions.  The enhancements did not change the classification of the offense itself from that of a state jail felony to a second degree felony.
(footnote: 23)  Therefore, we conclude that the recitation in the judgment that the degree of offense is a second degree felony is a ministerial error because it does not involve the exercise of any discretion and relator has a clear right to the relief sought.  Accordingly, we hold that the trial court clearly abused its discretion in denying that portion of relator’s motion that sought entry of a judgment nunc pro tunc to correct the “DEGREE OF OFFENSE” from “2
nd
” to “State Jail Felony.”  

We conditionally grant mandamus relief and direct the trial court to enter a judgment nunc pro tunc reflecting that the degree of offense for which relator was convicted was a state jail felony.
(footnote: 24)  We are confident that the trial court will promptly comply; our writ will issue only if it does not.

 

JOHN CAYCE

CHIEF JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

HOLMAN, J., dissents without opinion.

DELIVERED:  June 20, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Mack v. State
, No. 2-04-321-CR, 2005 WL 1244690 (Tex. App.—Fort Worth May 26, 2005, pet. ref’d) (mem. op.) (not designated for publication).

3:
See
 
Tex. Health & Safety Code Ann.
 § 481.102(3)(D) (Vernon Supp. 2006) (listing cocaine in Penalty Group 1); 
id.
 § 481.115(a)-(b) (Vernon 2003) (specifying that possession of less than one gram of a substance in Penalty Group 1 is a state jail felony).  

4:
Tex. Penal Code Ann.
 § 12.42(a)(2) (Vernon Supp. 2006). 

5:
See
 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003) (providing that the punishment range for a second degree felony is imprisonment for a term of not more than twenty years or less than two years, and a fine not to exceed $10,000.)  

6:
Ex parte Dopps
, 723 S.W.2d 669, 670 (Tex. Crim. App. 1986); 
Alvarez v. State
, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980); 
see
 
Tex. R. App. P.
 23.1
. 

7:
A judgment nunc pro tunc may only be entered; judgment may not be "rendered" nunc pro tunc under any circumstances.  
Jones v. State
, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990).  This is because "rendition" is the event of judging and "entry" simply records the judgment rendered.  
Id.
 

8:
State v. Bates
, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). 

9:
Id.
 

10:
Alvarez
, 605 S.W.2d at 617. 

11:
Jones
, 795 S.W.2d at 201 n.4. 

12:
Alvarez
, 605 S.W.2d at 617. 

13:
Ex parte Dickerson
, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986).

14:
See State v. Court of Appeals for the Fifth Dist.
, 34 S.W.3d 924, 926 (Tex. Crim. App. 2001).  

15:
Castor v. State
, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.); 
Sanchez v. State
, 112 S.W.3d 311, 312 (Tex. App.—Corpus Christi 2003, no pet.).

16:
See State v. Court of Appeals
, 34 S.W.3d at 927.  

17:
Id.

18:
See Ex parte Ybarra
, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004); 
In re Daisy
, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding); 
see also Ex parte Forooghi
, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (Johnson, J., concurring).

19:
Tex. Code Crim. Proc. Ann.
 art. 37.12 (Vernon 2006).

20:
Id.
 art. 42.01, § 1(13).

21:
59 S.W.3d 676, 676 (Tex. Crim. App. 2001)
.

22:
12 S.W.3d 808, 811 
(Tex. Crim. App. 2000).

23:
See Coleman
, 59 S.W.3d at 676
; 
Webb
, 
12 S.W.3d at 811. 

24:
All other relief sought by relator’s petition for writ of mandamus is denied.