**Ex parte Larry Donald LINDSEY, Applicant.**

**Nos. AP–75417, AP–75418.**

Court of Criminal Appeals of Texas.

Sept. 26, 2007.

---

Jeffrey Van Horn, SPA, Matthew Paul, State's Attorney, Austin, for state.

## *OPINION*

PER CURIAM.

Applicant contended in an application for writ of habeas corpus that he has been erroneously deemed ineligible for mandatory supervision. He also contended that he has been improperly denied "street-time" credit. We granted relief as to eligibility for mandatory supervision and denied relief as to street time. We now grant rehearing on our own motion, withdraw our prior opinion, and deny relief.

### Mandatory Supervision

The applicant was convicted in 1997 of aggravated assault [1] and burglary of a habitation with intent to commit sexual assault [2] and was sentenced to ten years in prison. He was released on mandatory supervision in 2003, but his mandatory supervision was revoked, and he returned to prison. In 2005, the Texas Department of Criminal Justice ruled that applicant is ineligible for mandatory supervision because of the nature of his offenses and denied applicant release.

 Eligibility for mandatory release is governed by the law in effect at the time the offense was committed.[3] The record shows that applicant committed the aggravated assault on February 8, 1994. The law in effect at the time states that a prisoner could not be released to mandatory supervision if the prisoner were serving a sentence for "a second-degree or first-

---

1. PENAL CODE § 22.02 (1994).

2. PENAL CODE § 30.02(1)(1994).

3. *Ex parte Coleman*, 59 S.W.3d 676, 676–77 (Tex.Crim.App.2001).

degree felony under Section 22.02, Penal Code (Aggravated Assault)."[4] The record shows that applicant was convicted of aggravated assault causing serious bodily, a third-degree felony.[5] Therefore, applicant's conviction for aggravated assault does not make him ineligible for release on mandatory supervision.

█ In regard to applicant's burglary conviction, the trial court entered findings of fact that applicant committed the offense on October 26, 1994. The trial court also found that the indictment alleged that applicant entered "a habitation ... with the intent to commit a felony other than theft, namely, sexual assault."

Before September 1, 1994, the Penal Code defined a burglary as first-degree if:

(1) the premises were a habitation OR;

(2) any party had explosives or a deadly weapon OR;

(3) any party injures or attempts to injure anyone.

The Code of Criminal Procedure denied mandatory supervision if a defendant had been convicted of a first-degree burglary punished under subsections (2) or (3).

The 1993 legislature amended the Penal Code, effective September 1, 1994, to define a burglary as first-degree if:

(1) the premises were a habitation AND;

(2) any party entered with intent to commit a crime other than theft.

It did not amend the Code of Criminal Procedure to reflect that change in language in the Penal Code and the deletion of subsection (3), but the revised language of the Penal Code still included a subsection (2) that described Lindsey's offense of conviction-entry with intent to commit a felony other than theft, to wit: sexual assault.[6]

Our rules of statutory construction require that each portion of a statute be given effect as much as is possible and, while subsection (3) no longer existed at the time applicant committed the burglary, there was still a subsection (2) that described his offense and that it should be given effect. We deny relief on the claim of eligibility for mandatory supervision as to the burglary conviction and find that applicant is ineligible for mandatory supervision as to that conviction.

### Street Time

█ In a separate claim, applicant asserts that he was improperly denied street-time credit for the time that he served on mandatory supervision before his revocation. The trial court found that applicant conceded in his writ application that he did not meet the half-way point of the remainder of his sentence as is required for application of such time against his remaining sentence. Relief is denied.

---

**4.** CODE CRIM. PROC. Art. 42.18, § 8(c)(5)(1994).

**5.** PENAL CODE § 22.02(a)(1), (c)(1994).

**6.** In the 1995 session, the Code of Criminal Procedure was amended to deny mandatory supervision if the offense were a first-degree burglary as defined in Penal Code § 30.02, thus eliminating any confusion on this point.