# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00625-CV

Philip J. Pohl, Appellant

v.

Brad Livingston et al., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-06-001771, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Philip J. Pohl, proceeding pro se, appeals the trial court's denial of his original petition for writ of mandamus requesting that the trial court order appellees Brad Livingston, Rissie Owens, and Christi Hastings[1] to release him from prison due to an allegedly unconstitutional application of the statute governing his eligibility for release to mandatory supervision. We affirm.

In 1985, Pohl was sentenced to life in prison following his convictions for aggravated sexual assault and indecency with a child. In 2006, after serving twenty-one years of his life sentence, Pohl filed an original petition for writ of mandamus in the trial court requesting the court to order appellees to release him from prison. In his petition, Pohl argued that the version of article 42.12, section 15 of the code of criminal procedure in effect at the time he committed the offenses

---

[1] Brad Livingston is the Executive Director of the Texas Department of Criminal Justice, and Rissie Owens is the Chair of the Texas Board of Pardons and Paroles. Christi Hastings is the Supervisor of Parole at the Polunsky Unit, the state prison facility where Pohl is incarcerated.

in 1985 allowed him "to be released to parole or mandatory supervision when I had accumulated 20 years of flat-time on my life sentence." Pohl requested that the trial court "issue a Writ of Mandamus to the Respondents commanding them to obey the law and carry out their mandated ministerial duties and release me . . . to parole or mandatory supervision." Appellees filed a motion to dismiss Pohl's suit under chapter 14 of the civil practice and remedies code, which governs inmate litigation, including mandamus proceedings. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002); *Harrison v. Vance*, 34 S.W.3d 660, 662 (Tex. App.—Dallas 2000, no pet.). The trial court denied Pohl's petition for writ of mandamus.

On appeal, Pohl contends that he was entitled to mandamus relief because appellees have a duty to release him to mandatory supervision under the law in effect at the time he committed the offenses. A writ of mandamus will issue to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* A writ of mandamus will not issue to compel a public official to perform an act that involves an exercise of discretion. *Id.*

Eligibility for release to mandatory supervision is governed by the law in effect at the time the offense was committed. *Ex parte Lindsey*, 226 S.W.3d 433, 434 (Tex. Crim. App. 2007). However, the law in effect at the time Pohl committed the offenses in 1985 provided that an inmate not under a sentence of death "shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." Tex. Code Crim. Proc. Ann. art. 42.12, § 15(c)

2

(West 1985) (unchanged since 1977). According to the terms of this statute, Pohl was not, as he contends, eligible for release to mandatory supervision after serving twenty years of his life sentence.[2] Because Pohl is not eligible for release to mandatory supervision under the 1985 version of article 42.12, section 15, appellees have no duty to release him to mandatory supervision. Pohl is not entitled to mandamus relief on this claim.

Appellees also have no duty to release Pohl on parole. "Parole" means the *discretionary* and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division. Tex. Gov't Code Ann. § 508.001(6) (West 2004) (emphasis added). However, as discussed above, mandamus is only available "when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson*, 806 S.W.2d at 793. Because appellees exercise discretion in deciding whether to release an inmate on parole, Pohl is not entitled to a writ of mandamus directing appellees to release him on parole.

---

[2] The Texas Court of Criminal Appeals has noted:

> The government has never released life-sentenced inmates to mandatory supervision. During this time the Legislature has amended the mandatory supervision law several times without providing for the release of life-sentenced inmates to mandatory supervision. The Legislature could easily have done this especially since it has expressly provided that some life-sentenced inmates are eligible for discretionary parole. All of this indicates that the Legislature does not intend for life-sentenced inmates to be eligible for release to mandatory supervision.

*Ex parte Franks*, 71 S.W.3d 327, 328 n.1 (Tex. Crim. App. 2001) (citations omitted).

Pohl also contends that the trial court erred by denying his request to personally appear at the hearing on appellees' motion to dismiss. It is well established that litigants cannot be denied access to the courts simply because they are inmates. *In the Interest of Z. L. T.*, 124 S.W.3d 163, 165 (Tex. 2003). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Id.* Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id.* Only when an inmate has been effectively barred from presenting his case has an appeals court been willing to find error in the denial of an inmate's request to personally appear. *Thomas v. Bilby*, 40 S.W.3d 166, 170 (Tex. App.—Texarkana 2001, no pet.) (citing *Pruske v. Dempsey*, 821 S.W.2d 687, 688-89 (Tex. App.—San Antonio 1991, no writ); *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex. App.—Tyler 1989, no writ)).

In this case, appellees' motion to dismiss argued that Pohl was not entitled to mandamus relief on his claims. That issue was wholly determinable from the record. Therefore, Pohl did not need to appear at the hearing to effectively present his case, and the trial court did not err in denying his request to personally appear. *See Thomas*, 40 S.W.3d at 170.

Lastly, Pohl contends that the trial court erred when it "halted" discovery in his case. The record reflects that Pohl attempted to engage in discovery after appellees filed their motion to dismiss his claims. Appellees objected to Pohl's discovery requests, but the trial court did not rule on the objections. Instead, the trial court set a hearing on appellees' motion to dismiss, which, according to the terms of section 14.003 of the civil practice and remedies code, automatically suspended discovery relating to Pohl's claims pending the hearing. *See* Tex. Civ. Prac. & Rem.

Code Ann. § 14.003(d) (West 2002).  In light of this statutory provision, the trial court did not err by suspending discovery in this case.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   April 10, 2008