IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00236-CR

 

Joseph Clyde Ford,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2008-190-C1

 



Opinion










 

            Joseph Clyde Ford was convicted of
failing to comply with the sex offender registration program.  See Tex. Code Crim. Proc. Ann. art.
62.102(c) (Vernon 2006).  He was sentenced to 25 years in prison.  Because the
evidence was both legally and factually sufficient to support the conviction,
the trial court did not err in admitting an extraneous conviction, the trial
court did not err in denying a mistake of fact instruction, and Ford was not
sentenced in excess of the statutory maximum sentence, the trial court’s
judgment is affirmed.

 

Background

            Ford was a convicted sex offender who
was required to comply with the registration requirements of the Sex Offender
Registration Program.  Tex. Code Crim.
Proc. Ann. art. 62.051 (Vernon Supp. 2009).  Generally, he was required
to inform local authorities of his address and inform them of when he moved. 
Ford had been living in Waco when he moved to Elm Mott.  He rented a space for
a travel trailer.  He also registered his move with McLennan County.  When he failed to pay his rent, he was evicted and his trailer was removed.  Two weeks
after the removal of his trailer, Ford approached his landlord and questioned
him about the location of the trailer.  Ford registered his move to a shelter
in Waco but not until two weeks after the removal of his trailer from the lot
in Elm Mott.

Sufficiency of the
Evidence

            In his first issue, Ford contends the
evidence is both legally and factually insufficient to support his conviction. 
Specifically, Ford argues that the State did not prove he knew he was going to
move, that it was seven days before the move, and that he knew, prior to the
move, to where he was going to move.  He also argues that there was no evidence,
or insufficient evidence, that he intentionally, knowingly, or recklessly did
not register before moving.

            In reviewing the legal sufficiency of
the evidence, this Court looks at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  In a factual
sufficiency review, the appellate court views the evidence in a neutral light
and asks whether the evidence supporting the verdict is so weak or so against
the great weight and preponderance of the evidence as to render the verdict
manifestly unjust.  Steadman v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); Grotti v. State, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008). 
With either review, the jury is the exclusive judge of a witness’s
credibility.  See Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

            A person commits the offense of
failure to comply with the requirements of the Sex Offender Registration
Program if the person is required to register and fails to comply with any
requirement of the Program.  See Tex.
Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006).  As a requirement of
the Program, article 62.055(a) provides;

If a person required to register under this
chapter intends to change address, . . . the person shall, not later than the
seventh day before the intended change, report in person to the local law enforcement
authority designated as the person's primary registration authority by the
department . . . and provide the authority and the officer with the person's
anticipated move date and new address.

 

Id.
art. 62.055(a) (Vernon Supp. 2009).

            There was no dispute about whether
Ford was required to register.  There was also no dispute that Ford registered
with McLennan County when he moved from Waco to Elm Mott and placed a travel
trailer on a rented lot.  The dispute centers around Ford’s forced removal from
the lot in Elm Mott.

            Ford’s theory at trial was that he
moved unexpectedly when he noticed his travel trailer was gone and registered
his new address as soon as he had one.  However, there was testimony that
contradicted Ford’s theory.  Ford had not paid his rent for the lot which his
trailer occupied and a judgment of eviction was entered on August 30, 2007.  Ford was present at the eviction hearing.  Although Ford testified that he spoke
with his landlord at the hearing about paying the past due rent, the landlord
denied ever speaking to Ford at the hearing, or about paying the past due
rent.  A week after the judgment, a writ of possession was issued and, five
days later, a towing company was called to move the travel trailer.  The
landlord testified that when the constable came to serve the writ, they got
“rid of everything that [was] there.”  Two weeks after the towing company was
called, Ford showed up at the landlord’s business wondering where his trailer
was.  Ford’s reason for not knowing that his trailer was gone was that his
bicycle, on which he traveled from Elm Mott to Waco daily, had become unusable
and he was staying with various other people in Waco.  

            Based on a review of the evidence in
the light most favorable to the verdict, any rational trier of fact could have
found Ford guilty of Failure to Comply with Sex Offender Registration beyond a
reasonable doubt.  Accordingly, the evidence is legally sufficient.  Further,
considering all of the evidence in a neutral light, the jury was rationally
justified in finding Ford guilty of Failure to Comply with Sex Offender
Registration beyond a reasonable doubt. Accordingly, the evidence is factually
sufficient.

            Ford’s first issue is overruled.

Extraneous Conviction

            In his second issue, Ford contends
that the trial court erroneously admitted an extraneous conviction during the
guilt/innocence phase.  The conviction about which he complains is a 1991[1] conviction for arson. 
However, the trial court did not admit this conviction, Ford did.  

            Prior to Ford testifying, his counsel
approached the court for a ruling on whether the arson conviction could be used
for impeachment purposes.  Ford’s counsel argued that the conviction was too
remote.  After hearing argument from the State on the issue, the trial court
decided that if Ford took the stand, the arson conviction was “fair game.” 
When Ford later took the stand, he admitted that he had been convicted of arson
in 1991 and explained the circumstances surrounding the arson.

            A defendant who preemptively introduces
evidence of a prior conviction on direct examination may not on appeal claim
that the admission of such evidence was error.  Ohler v. United States, 529 U.S. 753, 760, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).  Because Ford
preemptively introduced evidence of the prior arson conviction on direct
examination, he waived his right to complain about this evidence on appeal.  See
id.; see also Johnson v. State, 981 S.W.2d 759, 760 (Tex.
App.—Houston [1st Dist]. 1998, pet. ref’d).  

            Ford’s second issue is overruled.

Mistake of Fact

            In his third issue, Ford complains
that the trial court erred in not instructing the jury on his mistake of fact
defense.

            “It is a defense to prosecution that
the actor through mistake formed a reasonable belief about a matter of fact if
his mistaken belief negated the kind of culpability required for commission of
the offense."  Tex. Penal Code Ann.
§ 8.02(a) (Vernon 2003).  A mistake of fact constitutes a defense only if it
negates the culpable mental state.  Willis v. State, 790 S.W.2d
307, 314 (Tex. Crim. App. 1990) (emphasis added).  A defendant is entitled to
an instruction on any defensive theory if the issue is raised by evidence at
trial.  Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).  If
the evidence viewed in a light favorable to appellant does not establish a
mistake of fact defense an instruction is not required.  Id.

            As stated previously, Ford was charged
with failing to comply with the Sex Offender Registration Program
requirements.  Pursuant to article 62.102, a person commits an offense if the
person 

            1) is required to register; and 

            2) fails to comply with any
requirement of chapter 62

Tex. Crim. Proc. Ann. art. 62.102(a) (Vernon 2006).  The requirement
with which Ford was cited for failing to comply was the change of address
requirement.  See Id. art. 62.055 (Vernon Supp. 2009).  This
article provides, “if a person required to register…intends to change address,
… the person shall, not later than the seventh day before the intended change,
report in person to the local law enforcement authority…and provide the
authority … with the person’s anticipated move date and new address.”  Id. (a).  

            The challenge here is determining the
culpable mental state and whether Ford negated the culpable mental state so as
to entitle him to an instruction on mistake of fact.  Article 62.102 has no
stated culpable mental state.  “If the definition of an offense does not
prescribe a culpable mental state, a culpable mental state is nevertheless
required unless the definition plainly dispenses with any mental element.”  Tex. Penal Code Ann. § 6.02(b) (Vernon Supp. 2009).  Since no state of mind is specified for article 62 offenses, proof
that the defendant acted intentionally, knowingly, or recklessly is sufficient.
 See Tex. Penal Code Ann.
§ 6.02(c) (Vernon Supp. 2009); O'Briant v. State, No. 05-05-00067-CR, 2005 Tex. App. LEXIS 9004, *8 (Tex. App.—Dallas Nov. 1, 2005, no pet.) (not designated for publication).  See also Aguirre v. State, 22
S.W.3d 463 (Tex. Crim. App. 1999) (“…the silence of a statute about whether a
culpable mental state is an element of the offense leaves a presumption that
one is.”)[2]  The
State alleged that Ford “intentionally and knowingly and recklessly fail[ed] to
report…the Defendant’s anticipated move date and new address…not later than the
seventh day before the intended change.”  The jury was charged on those three
mental states.  Thus, Ford was required to negate those three culpable mental
states to be entitled to an instruction on mistake of fact.

            Ford’s theory at trial was that he did
not realize his trailer would be moved after the eviction hearing.  He argued
at trial that he was entitled to the instruction because he was mistaken as to
the fact that his trailer was removed and a writ of possession had been served
on the property while Ford was absent.  He contended the mistake of fact went
to his intent to move which was an element of the offense.  Ford follows the
same argument on appeal.  Intent to move is part of an element of the offense;
however it is not one of the culpable mental states charged or one that is
required to be negated to entitle Ford to the requested instruction.  

            But, even if Ford’s mistake about the
removal of his trailer negates the intentional culpable mental state, it does
not negate the reckless culpable mental state.  The jury was instructed that “A
person acts recklessly, or is reckless, with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur.  The risk must be of such a
nature and degree that its disregard constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor's standpoint.”  Tex. Penal Code Ann. § 6.03(c) (Vernon 2003).  If Ford was
mistaken about whether his trailer would be removed, he was aware that he had
to comply with the Sex Offender Registration Program requirements.  Further, a
judgment of eviction had been entered against him; and Ford consciously
disregarded the risk that he would be forced to move.  

            Ford’s alleged mistake of fact does
not negate the reckless culpable mental state.  Accordingly, the trial court
did not err in denying Ford’s request for an instruction on mistake of fact.

            Ford’s third issue is overruled.

Illegal Sentence

            In his fourth issue, Ford contends the
trial court erred by rendering an illegal sentence.  Ford’s complaint is that
he was wrongfully sentenced within the punishment range of a first degree
felony when he should have been sentenced within the range of a second degree
felony.  More specifically, he argues that an enhancement of punishment under
article 62.102(c) from a third degree felony offense to the punishment for a
second degree felony offense cannot be further enhanced to the punishment for a
first degree felony offense under article 12.42(b).  We disagree with Ford.

            The indictment by which Ford was charged
was entitled, “Failure to Comply with Sex Offender Registration (Enhanced)
Article 62.102, Texas Code of Criminal Procedure.”  It was also noted below the
title that the offense was a third degree felony enhanced to a second degree
felony.  Failure to comply with the sex offender registration requirements is a
third degree felony if the offender is required to register for life and verify
his registration information once each year.  Tex.
Code Crim. Proc. Ann. art 62.102(b)(2) (Vernon 2006).  The indictment
alleged that Ford was required to verify his registration annually for life. 
Included within the indictment was an enhancement allegation that in 2006, Ford
had been previously convicted of failing to comply with the Sex Offender
Registration Program.  Article 62.102 provides that “[i]f it is shown at the
trial of a person for an offense … under this article that the person has
previously been convicted of an offense … under this article, the punishment
for the offense … is increased to the punishment for the next highest degree of
felony.”  Id. art. 62.102(c).  

            Shortly before trial, the State filed
an amended notice of enhancement which included the prior 2006 failure to
comply with registration conviction and added an arson conviction from 1991.  This
was done, the State asserted prior to voir dire, not to punish Ford as a
habitual offender, but to punish Ford as a first degree felon.  Taking into
account Ford’s 2006 conviction for failing to comply with the sex offender
registration program and the arson enhancement allegation, the State argued
that the punishment for Ford would be elevated from a third-degree felony to a
first degree felony.  See id.; Tex.
Penal Code Ann. § 12.42(b) (Vernon Supp. 2009).  Ford did not disagree.

            Ford complains on appeal, however,
that his sentence as a first degree felon was unauthorized and is void.  He
argues that the enhancement allegation regarding the 2006 conviction for
failing to comply with the Sex Offender Registration Program did not enhance
the current offense of failure to comply under article 62.102(c) but only
enhanced the punishment for the current offense from a third degree felony to a
second degree felony.  Thus, his argument continues, when the State attempted
to also enhance punishment through section 12.42(b) of the Texas Penal Code, it
could not because the current offense had not been elevated to a second degree
felony.  Ford contends that the current offense remained a third degree felony
and the State could only enhance the punishment through section 12.42(a)(3) to
a second degree felony.  Tex. Penal Code
Ann. § 12.42(a)(3) (Vernon Supp. 2009) (“…if it is shown…on the trial of
a third-degree felony that the defendant has been once before convicted of a
felony, on conviction he shall be punished for a second-degree felony.”).  

            Although Ford did not make this
complaint to the trial court, a "void" or "illegal"
sentence is one that is not authorized by law and may be raised for the first
time on appeal.  See Ex parte Pena, 71 S.W.3d 336, 336 n.2 (Tex.
Crim. App. 2002); Levy v. State, 818 S.W.2d 801 (Tex. Crim. App. 1991). 
"A sentence that is outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal."  Mizell v. State, 119
S.W.3d 804, 806 (Tex. Crim. App. 2003).  Consequently, a contemporaneous
objection is not necessary to preserve the error for appellate review.  LaPorte
v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).

            While there may have been other ways
to properly bring Ford’s punishment to that for a first degree felony, the
critical question for this proceeding is whether the language of article
62.102(c) elevates the level of the offense, or whether it is only a punishment
enhancement.  The resolution of this issue is not as simple as it might first
appear.  The legislature has not been entirely consistent in the language it
uses when it comes to enhancement of punishment or enhancement of the level of
the offense with the resulting increase in the range of punishment.  This is in
part because of the many ways the legislature has chosen to allow enhancements
over the years and their choices of what constitutes elements of the offense
versus punishment enhancements.

            In some instances, what is a
punishment enhancement only is very clear.  If a statute increases the minimum
or maximum of years of confinement by a specified number of years, without
referencing the offense level, it is thus clear this is only a punishment
enhancement.  An example of such a statute is section 481.134 of the Texas
Health and Safety Code.  Subsection (c) of that section provides, “the minimum
term of confinement or imprisonment for an offense … is increased by five
years….”  Tex. Health & Safety Code
Ann. § 481.134(c) (Vernon Supp. 2009).  See also Tex. Penal Code Ann. § 12.50(c) (Vernon
Supp. 2009) (“If an offense…is punishable as a Class A Misdemeanor the minimum
term of confinement for the offense is increased to 180 days.”); Tex. Penal Code Ann. § 22.021(f)
(Vernon Supp. 2009) (“The minimum term of imprisonment for an offense under
this section is increased to 25 years if….”).

            If the statute applies a multiplier,
such as twice the years otherwise applicable, to the minimum or maximum number
of years without reference to the level of punishment, it is likewise clear
that this is a punishment enhancement rather than an enhancement of the level
of the offense.  An example of such a statute is section 7.188 of the Texas
Water Code.  That statute provides, “If it is shown at the trial of the
defendant that the defendant has previously been convicted of the same offense
under this subchapter, the maximum punishment is doubled with respect to both
the fine and confinement, unless the section creating the offense specifies
otherwise.”  Tex. Water Code Ann.
§ 7.188 (Vernon 2008).

            Alternatively, if the statute makes
reference, not to the minimum or maximum number of years of imprisonment, but
rather references only the offense level thus leaving the range of punishment
for the normal range by reference to the level of the offense, it is clear that
is an enhancement of the level of the offense.  An example of this type of
statute is section 49.09, subsection (a) of the Texas Penal Code.  Typically,
the punishment for an offense under section 49.04, Driving While Intoxicated,
is a Class B misdemeanor with a minimum term of confinement of 72 hours.  Tex. Penal Code Ann. § 49.04 (Vernon
2003).  Under subsection (a) of section 49.09, “…an offense under Section
49.04, …is a Class A misdemeanor….”  Tex.
Penal Code Ann. § 49.09(a) (Vernon Supp. 2009) (emphasis added).

            The difficulty comes when the statute,
after defining the level of the offenses, also provides an enhancement in
punishment with reference only to another level of offense.  In such a
situation, is it only the punishment that is enhanced or, because the offense
is explicitly being punished at a higher level is it actually the level of the
offense that has thus been enhanced?  From the language of the statute alone it
is not always easy to determine.  For example, in State v. Webb, the
phrase “shall be punished for” was held to be an enhancement of punishment only
when it involved a non-aggravated state jail felony.  See State v. Webb, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).  Whereas in Young v.
State, the phrase “is punishable as” in a certain provision regarding
drug-free zones was held to be an enhancement of the level of the offense.  See
Young v. State, 14 S.W.3d 748, 751 (Tex. Crim. App. 2000).

            This issue is further complicated by
two issues.  First, except for prior convictions, any finding that is going to
enhance the maximum punishment level must be determined by the selected fact
finder.  See Barrow v. State, 207 S.W.3d 377, 379 (Tex. Crim. App. 2006) (interpreting Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and its progeny).  Second, even if it is an
enhancement of an offense, is it the type of offense for which enhancements can
be stacked?  See State v. Webb, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).  The legislature did not make all enhancements of offenses equal.

            Ford relies on two opinions from the
Court of Criminal Appeals to support his argument.  See State v. Webb,
12 S.W.3d 808 (Tex. Crim. App. 2000); see also Ex parte Coleman,
59 S.W.3d 676 (Tex. Crim. App. 2001).  Webb may be instructive, but it
is not controlling.  The issue in Webb was whether a state jail felony
conviction, enhanced to the punishment range for a second degree felony under
section 12.42(a)(2) may be enhanced further to the punishment range for a
habitual offender under section 12.42(d).  The controlling factor in Webb
was that the offense for which the defendant was tried was a non-aggravated
state jail felony.  In that instance, the Court held that other language in
12.42(d)’s reference to “felony” did not include the non-aggravated “state jail
felony” and that it could not be subject to multiple enhancements
notwithstanding that aggravated state jail felonies could be so enhanced.[3]  

            That is not the issue here.  Ford was
not tried for a non-aggravated state jail felony punishable under section
12.35(a).  See Tex. Penal Code
Ann. § 12.35(a) (Vernon Supp. 2009).  Rather, Ford was tried for a third
degree felony because he had to register for life and report annually.  See
Tex. Code Crim. Proc. Ann. art.
62.102(b)(2) (Vernon 2006).  This case, therefore, is not controlled by Webb.

            Webb is instructive, however. 
When deciding whether two provisions in the repeat and habitual offender
provision allowed for multiple enhancements, the Court determined that

Both §§ 12.42(a)(3) and 12.42(d) allow for
enhanced punishment of an aggravated state jail felony (i.e., a § 12.35(c)
state jail felony), which is itself an enhancement of a state jail felony
(i.e., a § 12.35(a) state jail felony).  Thus the legislature has explicitly
provided for certain forms of "multiple enhancements" of state jail
felonies (i.e., enhancement of both offense and punishment), and the type that
the state argues for in the instant case is not among them.

 

State v. Webb, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).  This passage makes it
clear that an enhanced offense may be further enhanced if the legislature
provided for it and did not otherwise exclude or prevent it. 

            This interpretation is supported by
the Court of Criminal Appeal’s opinion in Young v. State, where the
Court stated that subsection (b) of section 481.134 in the Texas Health and
Safety Code, a drug-free zone aggravating provision similar to Texas Penal Code
section 12.35(c), increased the level of the offense of delivery or manufacture
of a controlled substance.  Young v. State, 14 S.W.3d 748, 751 (Tex. Crim. App. 2000); Tex. Health & Safety Code
Ann. § 481.134(b) (Vernon Supp. 2009);[4]
 Tex. Penal Code Ann. § 12.35(c) (Vernon Supp. 2009).[5] 
Importantly, the drug free zone provision mentioned in Young is not only
an “aggravated” state jail felony, as that term is used in Webb, but is
also an “aggravated” third degree felony.  

            Like subsection (c) of Texas Penal
Code section 12.35 and subsection (b) of Texas Health and Safety Code section
481.134, subsection (c) of article 62.102 provides “[i]f it is shown at the
trial of a person for an offense … under this article that the person has
previously been convicted of an offense … under this article, the punishment
for the offense … is increased to the punishment for the next highest degree of
felony.”  Id. art. 62.102(c).  We see no discernable difference between
the language used in subsection (c) of section 62.102 and in subsection (c) of
section 12.35 and subsection (b) of section 481.134, both of which the Court of
Criminal Appeals has construed as an elevation of the level or grade of the
offense and not merely an enhancement of the punishment range.  Thus, using the
teachings of both Webb and Young, subsection (c) of article
62.102 increases the offense level from a third degree felony to a second
degree felony.  

            Because the offense level was
increased, the State could and did further enhance the offense through the use
of Texas Penal Code section 12.42(b) from punishment as a second degree felony
to a first degree felony.  Ford was sentenced within the range of a first
degree felony and the trial court did not, then, render an illegal sentence. 
Ford’s fourth issue is overruled.

Conclusion

            Having overruled each issue on appeal,
we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed January 13, 2010

Publish

[CRPM]









[1] Ford
was placed on probation for this offense in 1988.  His probation was revoked in
1991 and he was sentenced to 5 years in prison.  The judgment was introduced
into evidence during the punishment phase of the trial.





[2] The
parties do not dispute that a culpable mental state is required.





[3] We
limit our discussion to Webb.  Ex parte Coleman is a per curiam
opinion that cites to Webb but provides no explanation as to whether the
same type problem with the use of enhancements existed as existed in Webb.





[4] “(b)
An offense otherwise punishable as a state jail felony under Section
481.112, 481.113, 481.114, or 481.120 is punishable as a felony of the third
degree, and an offense otherwise punishable as a felony of the second degree
under any of those sections is punishable as a felony of the first degree, if
it is shown at the punishment phase of the trial of the offense that the
offense was committed:

                (1) in, on, or within 1,000 feet of
premises owned, rented, or leased by an institution of higher learning, the
premises of a public or private youth center, or a playground;  or

                (2) in, on, or within 300 feet of the
premises of a public swimming pool or video arcade facility.” 

(emphasis added)

 





[5]
“(c)  An individual adjudged guilty of a state jail felony shall be punished
for a third degree felony if it is shown on the trial of the offense that:

                (1)  a deadly weapon … was used or
exhibited during the commission of the offense…; or

                (2)  the individual has previously
been finally convicted of any felony….”