**Ex parte Randall Scott ADAMS.**

**No. 72271.**

Court of Criminal Appeals of Texas, En Banc.

March 26, 1997.

Randall Scott Adams, Abilene, pro se.

Rebecca King, Acting District Attorney, Amarillo, Matthew Paul, State's Attorney, Austin, for State.

Before the court en banc.

### *OPINION*

PRICE, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07 of the Code of Criminal Procedure. TEX.CODE CRIM.PRO. art. 11.07 (Vernon Supp. 1997).[1] Applicant was convicted of forgery. His punishment was enhanced by a prior conviction and he was sentenced to ten years imprisonment and a $2,000 fine. Applicant did not appeal the conviction.

Applicant contends that, while on parole[2] from the forgery conviction, he was intermit-

---

1. Unless otherwise indicated, all further references to Articles refer to the Code of Criminal Procedure.

2. For convenience, all persons conditionally released from confinement will be referred to as "parolees," and their release as "parole," whether that release is pursuant to parole, mandatory supervision, or conditional pardon.

tently in custody and is not receiving jail time credit for those periods. The trial court entered findings that Applicant was confined pursuant to parole violator warrants from April 27, 1993 to July 22, 1993; from November 26, 1993 to February 17, 1994; and from June 27, 1994 to September 9, 1994, when his parole was revoked. However, applicant was only given credit for the period of June 27, 1994 to September 9, 1994.

■ We have previously determined that a prisoner who has been paroled is entitled to credit for all periods that he was confined pursuant to a parole violator warrant. *Ex parte Price*, 922 S.W.2d 957 (Tex.Crim.App. 1996); *Ex parte Canada*, 754 S.W.2d 660 (Tex.Crim.App.1988). Applicant is therefore entitled to additional credit for the periods of April 27, 1993 to July 22, 1993 and November 26, 1993 to February 17, 1994.

■ The trial court also found that Applicant was confined as a special condition of his release on parole in an intermediate sanction facility ("ISF") from February 17, 1994 to March 3, 1994.[3] This period of confinement raises the question of whether a person who has been conditionally released is entitled to credit for periods confined as a special condition of that release. Article 42.18, § 14(a) provides that:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the **date of his release** to the date of revocation. (emphasis added).

Restated, this means that when parole is revoked, a parolee is not entitled to credit for the time spent on parole.

■ Applicant was confined in an ISF as a special condition of release on parole. The Board of Pardons and Paroles ("BPP") has the authority to confine parolees in an ISF when no warrant authorizing confinement is

in effect. Article 42.18, § 8(a) provides that parolees "shall be amenable to conditions of supervision ordered by a parole panel under this article" but, unlike Article 42.12 of the Code, does not specifically authorize any condition of parole which requires confinement even though several other conditions are specifically authorized. *See* art. 42.18, § 8(g). Nevertheless, since 1989 section 8(g) has authorized the BPP to "adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to the ... conditions to be imposed upon parolees and persons released to mandatory supervision ... The parole panel may include as a condition of parole or mandatory supervision any condition that a court may impose on a probationer[4] under article 42.12 of this Code." *Id.* (footnote added). Article 42.12, § 18 authorizes confinement in a community correctional facility as a condition of community supervision, and Article 42.13, § 1(b)(2) of the Code, includes intermediate sanction facilities among the facilities defined as community correctional facilities. Accordingly, the BPP is authorized to require confinement in an ISF as a condition of release on parole.

It could be argued that Article 42.18, § 14(a) was only intended to deny credit for periods out of confinement—which is the traditional concept of parole. *See Canada*, 754 S.W.2d at 666. The original version of this statute, enacted in 1947, provided that a parolee would not get credit for periods "from the date of his release until the date of his arrest or charge of parole violation." art. 789b, § 20 (Vernon 1947). However, in 1973 the legislature changed this to deny credit "from the date of his release until **the date of revocation.**" Act of June 14, 1973, 63rd Leg., R.S., ch. 464, 1973 Tex. Gen. Laws 1269 (current version at TEX.CODE CRIM.PRO. art. 42.12 § 22) (Vernon 1979 & Vernon Supp. 1997) (emphasis added). Although the legislative history does not reveal a stated intent for this change, it appears the legislature intended to deprive parolees credit for time in actual confinement when they were techni-

---

3. Applicant was arrested on November 26, 1993 pursuant to a parole violator warrant and placed in a county jail. On December 22, 1993, Applicant was transferred to an ISF by order of the Board of Pardons and Paroles ("BPP").

4. "Probationer" has since been amended to "defendant placed on community supervision."

cally still on parole, and no subsequent legislature has seen fit to change this policy. *See Canada,* 754 S.W.2d at 661–662, n. 2. Consequently, absent some constitutional constraint, we hold a parolee is not entitled to credit for periods in which he was lawfully confined as a condition of release on parole. Accordingly, Applicant is not entitled to credit for the period he was confined in the ISF after the warrant was withdrawn on February 17, 1994.

Relief is granted in part. The Texas Department of Criminal Justice, Institutional and Parole Divisions, shall credit Applicant's sentence in cause number 28262–A in the 47th Judicial District Court of Potter County for the additional periods of April 27, 1993 to July 22, 1993, and from November 26, 1993 to February 17, 1994.[5]

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Parole Divisions.

---

5. The record reflects that Applicant was re-released on parole after this application was filed. Such release does not render this matter moot because that credit will affect the date of discharge of his parole. See *Canada,* 754 S.W.2d at 663–64.