IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51171
Conference Calendar
_____

REX ELWIN MORRISON,

                                        Plaintiff-Appellant,

versus

DARRYL G. BROWN; GWENDOLYN WILEY; JOHN HERISCKO;
MELINDA HOYLE BOZARTH,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-CV-157-JN
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:*

     Rex Elwin Morrison (#323706) has appealed the district
court's judgment dismissing his civil rights complaint.  In his
complaint, Morrison contended that his constitutional rights to
due process and to free exercise of his religious disbelief had
been violated in connection with his transfer from an
Intermediate Sanction Facility ("ISF") to a Substance Abuse
Felony Punishment Facility ("SAFPF") based upon his lack of
compliance with a theistic substance-abuse program.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The transfer of Morrison from the ISF to the SAFPF involved merely a change in the conditions of his parole.  See Ex parte Adams, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (en banc).  Under Sandin v. Conner, 515 U.S. 472, 484 (1995), Texas parolees have no liberty interest in parole that is protected by the Due Process Clause and cannot complain of the constitutionality of procedural devices attendant to parole decisions.  Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).  Moreover, in McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160-61 (5th Cir. 1995), this court held that the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), applies to claims for damages related to violations of constitutional rights in parole proceedings.  Because an action attacking the validity of a parole proceeding calls into question the fact and duration of confinement, a § 1983 plaintiff must prove that a sentence imposed as a result of revocation proceedings has been invalidated by a state or federal court.  See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (applying McGrew).  The judgment is

AFFIRMED.