### Ex parte Sean Arash FOROOGHI, Applicant.

### No. WR–58447–03.

Court of Criminal Appeals of Texas.

March 1, 2006.

Sean Arash Forooghi, pro se.

Lynn Ellison, Districy Atty., Jourdanton, Matthew Paul, State's Atty., Austin, for State.

JOHNSON, J., filed a concurring statement, in which COCHRAN, J., joined.

In his application for writ of habeas corpus, applicant claimed that he was not

---

being credited with time spent in custody both while in SAFP and while waiting for an opening in SAFP. It is well settled that an inmate is not entitled to credit for time in custody if that time was a condition of probation. This Court remanded this writ to the trial court for findings of fact in regard to if either or both time periods pertaining to SAFP were a condition of probation.

In its findings on remand, the trial court stated that SAFP was a condition of applicant's probation, thus he is not entitled to time credit for that period of time. However, the trial court recommended granting credit for time spent in custody while awaiting an opening in SAFP. From this, I conclude that the trial court did not intend that period of time to be a condition of probation.

In *Ex parte Ybarra*, 149 S.W.3d 147 (Tex.Crim.App.2004), we stated clearly that an inmate who is seeking pretrial time-credit must first request credit for the claimed time by filing a *nunc pro tunc* motion in the convicting court and, if denied, appeal the denial, via a petition for mandamus, to the appropriate court of appeals. We also said, but perhaps not so clearly and certainly not as often in subsequent orders, that "the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order and should do so." *Ybarra* at 148.

Because of the tangled nature of the proceedings in this case, a *nunc pro tunc* order may or may not have been appropriate. I merely point out that such an order may resolve similar cases without resort to appellate writs.

I join the decision of the Court.