

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00038-CR

## IN RE RICHARD FRANKLIN

_____

## Original Proceeding

## MEMORANDUM OPINION

Richard Franklin previously filed a petition for writ of mandamus with this Court against the trial judge of the 87th District Court of Freestone County. It appeared from the petition that Franklin had filed a motion nunc pro tunc with the trial court asking for pre and post sentencing jail time credit. In his petition, Franklin asked this Court to compel the trial court to grant Franklin's motion nunc pro tunc for jail time credit. Citing *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987), we informed Franklin that we could not compel the trial court to grant his motion. *In re Franklin*, No. 10-08-00309-CR, 2008 Tex. App. LEXIS 7019 (Tex. App.—Waco Sept. 17, 2008, orig. proceeding) (not designated for publication).

Franklin has filed another petition for writ of mandamus against the same trial judge again requesting this Court to compel the trial court to grant his motion nunc pro

tunc. Franklin styled the petition as an "amended petition" and it was originally filed in the previous case number, 10-08-00309-CR. However, because the pleading contains some additional substance and because we no longer have jurisdiction of Franklin's previous petition, we are filing this petition as a new proceeding. From his new filing, it is clear to us that Franklin did not understand why we denied his earlier petition. Therefore, we will expand the explanation of our prior holding.

We cannot compel the trial court to rule in a certain way. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). Franklin's petition asks us to compel the trial court to *grant* the motion nunc pro tunc, and is thus a request to compel the trial court to rule in a certain way. If the trial court fails to consider Franklin's motion, that is, fails to make any ruling by failing to rule one way or the other, then Franklin's remedy may be by mandamus to compel the trial court to rule on the motion. *Id*. Further, if the trial court *denies* Franklin's motion nunc pro tunc, Franklin may obtain a review of that denial by mandamus. *See Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (citing *Ex parte Forooghi*, 185 S.W.3d 498 (Tex. Crim. App. 2006) (Johnson, J., concurring statement) and *Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004)).

Accordingly, Franklin's petition is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Petition denied
Opinion delivered and filed February 11, 2009
Do not publish
[OT06]