IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00038-CR

 

In re
Richard Franklin

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

            Richard Franklin previously filed a
petition for writ of mandamus with this Court against the trial judge of the
87th District Court of Freestone County.  It appeared from the petition that Franklin had filed a motion nunc pro tunc with the trial court asking for pre and post
sentencing jail time credit.  In his petition, Franklin asked this Court to
compel the trial court to grant Franklin’s motion nunc pro tunc for jail time
credit.  Citing State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App. 1987), we informed Franklin that we could not compel the trial court
to grant his motion.  In re Franklin, No. 10-08-00309-CR, 2008 Tex. App. LEXIS 7019 (Tex. App.—Waco Sept. 17, 2008, orig. proceeding) (not designated for publication).

            Franklin has filed another petition
for writ of mandamus against the same trial judge again requesting this Court
to compel the trial court to grant his motion nunc pro tunc.  Franklin styled
the petition as an “amended petition” and it was originally filed in the
previous case number, 10-08-00309-CR.  However, because the pleading contains
some additional substance and because we no longer have jurisdiction of Franklin’s previous petition, we are filing this petition as a new proceeding.  From his
new filing, it is clear to us that Franklin did not understand why we denied
his earlier petition.  Therefore, we will expand the explanation of our prior holding.

            We cannot compel the trial court to
rule in a certain way.  See State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  Franklin’s petition asks us to
compel the trial court to grant the motion nunc pro tunc, and is thus a
request to compel the trial court to rule in a certain way.  If the trial court
fails to consider Franklin’s motion, that is, fails to make any ruling by
failing to rule one way or the other, then Franklin’s remedy may be by mandamus
to compel the trial court to rule on the motion.  Id.  Further, if the
trial court denies Franklin’s motion nunc pro tunc, Franklin may obtain
a review of that denial by mandamus.  See Castor v. State, 205
S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (citing Ex parte Forooghi,
185 S.W.3d 498 (Tex. Crim. App. 2006) (Johnson, J., concurring statement) and Ex
parte Ybarra, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004)).

            Accordingly, Franklin’s petition is
denied.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
denied

Opinion
delivered and filed February 11, 2009

Do
not publish 

[OT06]






291668in; margin-left: 0.3in; margin-right: 0.3in">(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to.
 
(2)If no transcript has been filed, the agreement or motion shall be accompanied by
certified or sworn copies of the judgment appealed from and of the appeal bond or
other document perfecting or attempting to perfect the appeal or writ of error. 
Tex. R. App. P. 59(a).
      In the motion, appellants and TDOT state that they have reached a settlement agreement. The
motion is signed by both appellants' attorney and by TDOT's attorney.
      The City of Waco, however, did not join this motion. Nevertheless, appellants in the joint
motion to dismiss indicate that they have settled their case with the City of Waco and that they no
longer wish to pursue their appeal against it. Moreover, the City of Waco has filed nothing in this
court to indicate that they are seeking any relief on appeal from appellants. Indeed, the attorney
for the City of Waco on October 11 filed a letter signed by him on October 10 stating that all
claims against the city had been settled and that the parties wished the appeal to be dismissed. 
      The motion to dismiss is granted. This cause is dismissed in toto with each party to bear its
own costs.
                                                                               PER CURIAM

Before Chief Justice Davis,
         Justice Cummings, and
         Justice Vance
Dismissed
Order issued and filed December 18, 1996
Do not publish