

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00292-CR

**CALVIN DWAYNE VERNON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 1990-0040-C

## MEMORANDUM OPINION

Appellant Calvin Vernon was convicted of attempted murder in 1991 and sentenced to thirty years' imprisonment. Because the judgment contains a deadly weapon finding that Appellant believes is erroneous, Appellant filed a motion for *nunc pro tunc* order in the trial court. The trial court denied that motion, and Appellant seeks to appeal the trial court's denial of his motion for an order *nunc pro tunc*.

We notified Appellant that this court may not have jurisdiction over this appeal and that unless he showed grounds for continuing it, we would dismiss his appeal for

want of jurisdiction. Appellant has filed a response,[1] but it fails to show that we have appellate jurisdiction.

We do not have appellate jurisdiction of the denial of a motion for judgment *nunc pro tunc*. *Everett v. State*, 82 S.W.3d 735 (Tex. App.—Waco 2002, pet. dism'd). The appropriate remedy to obtain review of the denial of a *nunc pro tunc* motion is by a petition for writ of mandamus. *Ex parte Forooghi*, 185 S.W.3d 498 (Tex. Crim. App. 2006) (Johnson, J., concurring statement); *see also Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004).

Accordingly, we dismiss this appeal for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurs in the dismissal of this proceeding. A separate
    opinion will not issue.)
Dismissed
Opinion delivered and filed November 4, 2009
Do not publish
[CRPM]

---

[1] Appellant's response and his combined notice of appeal/brief lack proper proof of service as required by the Texas Rules of Appellate Procedure. A copy of all documents presented to the Court must be served on all parties (*i.e.*, the State) to the appeal and must contain proof of service. TEX. R. APP. P. 9.5. To expedite this matter, we implement Rule 2 to suspend Rule 9.5's proof-of-service requirement.