In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00066-CR

                                                ______________________________

 

 

 

                                                   IN
RE:  JAMIE LEE BLEDSOE

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Jamie Lee Bledsoe has petitioned
this Court for mandamus relief, naming as respondent the 71st Judicial District
Court of Harrison County, Texas.  Bledsoe
asks this Court to order the trial court to grant his motion for judgment nunc
pro tunc, in order to correctly credit Bledsoe with actual time served for
which no credit was given.

            The proceedings giving rise to this
petition begin with Bledsoe’s conviction in February 2001 for the offense of
possession of a controlled substance in cause number 99-0124x in the 71st Judicial
District Court of Harrison County, Texas. 
According to his petition, Bledsoe was sentenced to fifteen years’ imprisonment
for that offense.  Bledsoe’s petition
alleges that he was released on parole in January 2006.  Thereafter, on September 26, 2007, Bledsoe
alleges he was arrested for the offense of burglary of a building in cause
number 07-0366x.[1]  Bledsoe alleges that on October 4, 2007, the
Texas Board of Pardons and Paroles issued a pre-revocation warrant on
allegations Bledsoe violated the terms of his parole.  Bledsoe alleges he remained incarcerated in
the Harrison County jail from September 26, 2007 until January 28, 2008, at
which time he was transferred to the East Texas Intermediate Sanction Facility
in Henderson, Texas, where he remained until March 13, 2008, when the Board of
Pardons and Paroles lifted the warrant.  Bledsoe
contends that he was not given credit for time served from September 26, 2007
through March 13, 2008, for a total of 168 days.[2]

            When a defendant has been denied
credit for jail time to which he is entitled, the preferred practice is for the
trial court to enter a nunc pro tunc order authorizing credit for the
appropriate time.  Ex parte Forooghi, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006)
(Johnson, J., concurring statement); Ex
parte Ybarra, 149 S.W.3d 147 (Tex. Crim. App. 2004) (inmate seeking
pretrial time credit must first request credit for the claimed time by filing a
motion for a judgment nunc pro tunc in the convicting court, and if denied,
file a petition for writ of mandamus to the appropriate court of appeals); Ex parte Evans, 964 S.W.2d 643, 645, n.2
(Tex. Crim. App. 1998).  

            Here, Bledsoe avers that he filed a
motion for a judgment nunc pro tunc in the trial court[3] in
November 2009, and refers to Exhibit “B” attached to the January petition
Bledsoe filed with this Court.  Exhibit
“B” is captioned “Motion for Judgment Nunc Pro Tunc,” and asks the trial court
to credit flat time toward fulfillment of Bledsoe’s sentence for the 168 day
period he was incarcerated pursuant to the pre-revocation warrant.[4]  

            There is no indication that the
motion for judgment nunc pro tunc was filed in the trial court.[5]  There is no file mark on the motion.[6]  See
Tex. R. App. P. 52.7(a)(1)
(requiring certified or sworn copy of every document material to relator’s
claim for relief and filed in any underlying proceeding).  Furthermore, the record does not include any
documentation verifying the dates and events (short of a copy of the indictment
for burglary of a habitation) alleged to be the basis of Bledsoe’s time-credit
claim.

            A relator must furnish a record
sufficient to support his claim for mandamus relief.  See
Tex. R. App. P. 52.7(a).  Since Bledsoe has not furnished such a
record, we cannot conclude that he is entitled to mandamus relief.

            Accordingly, we deny Bledsoe’s
petition for writ of mandamus.

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          April 7, 2011

Date
Decided:             April 8, 2011

 

Do
Not Publish











[1]Bledsoe
refers to Exhibit “C” attached to a previous petition for writ of mandamus
filed with this Court in January 2011 on the same issue, in cause number
06-11-00003-CR, styled In re Jamie Lee Bledsoe.  That petition was dismissed for lack of
jurisdiction.  Exhibit “C” is a file-marked
copy of the indictment against Bledsoe for the charge of burglary of a
building.  Because the previous petition
was filed by Bledsoe, and was based on the same facts giving rise to this
petition, we will take judicial notice of those exhibits previously provided to
this Court in cause number 06-11-00003-CR. 
See Joe Williamson Constr. Co. v.
Raymondville Indep. Sch. Dist., 251 S.W.3d 800, 802 n.2 (Tex. App.––Corpus
Christi 2008, no pet.) (court of appeals may take judicial notice of files from
related mandamus proceeding).





[2]Bledsoe
claims this time should be credited against his sentence in trial court cause
number 99-0124x.

 





[3]Bledsoe
further maintains that he has satisfied the administrative requirements of
Section 501.0081(b) of the Texas Government Code, which provides, with one
exception, that an inmate must first attempt to resolve a time-credit complaint
through administrative procedures before he or she may raise such a claim in an
application for a writ of habeas corpus.  See Tex.
Gov’t Code Ann. § 501.0081 (Vernon 2004).  Exhibit “A” is an original offender grievance
form regarding Bledsoe’s time-credit complaint, which indicates submission to
the Time Dispute Department in Huntsville on April 1, 2009.  The record does not indicate what action, if
any, was taken with respect to this complaint. 
Because Bledsoe has filed a petition for writ of mandamus, rather than
an application for a writ of habeas corpus, the administrative requirements of Section
501.0081 are not applicable here.  

 





[4]In
the motion, and in this petition, Bledsoe relies on Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988), for the
proposition that he is entitled to the pre-revocation credit.  That case held that any time spent in
confinement pursuant to the execution of a parole pre-revocation warrant cannot
be denied a parolee.  Id. at 668; see also Ex parte Adams,
941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (prisoner who has been paroled
entitled to credit for all periods  he or
she was confined pursuant to parole violator warrant).  It is also true that an inmate has no right
to credit on his or her sentence for time served in an intermediate sanction
facility as a special condition of parole. 
Id. at 137–38.

 





[5]In
his petition, Bledsoe states that the motion for judgment nunc pro tunc was
filed in November 2009.  The motion for
judgment nunc pro tunc labeled Exhibit “B” lists a service date of July 10,
2010.  

 





[6]The
office of the District Clerk of Harrison County have confirmed that a motion
for judgment nunc pro tunc was not filed in either cause number 07-0366x or
99-0124x.