

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00066-CR

_____

IN RE:   JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Jamie Lee Bledsoe has petitioned this Court for mandamus relief, naming as respondent the 71st Judicial District Court of Harrison County, Texas. Bledsoe asks this Court to order the trial court to grant his motion for judgment nunc pro tunc, in order to correctly credit Bledsoe with actual time served for which no credit was given.

The proceedings giving rise to this petition begin with Bledsoe's conviction in February 2001 for the offense of possession of a controlled substance in cause number 99-0124x in the 71st Judicial District Court of Harrison County, Texas. According to his petition, Bledsoe was sentenced to fifteen years' imprisonment for that offense. Bledsoe's petition alleges that he was released on parole in January 2006. Thereafter, on September 26, 2007, Bledsoe alleges he was arrested for the offense of burglary of a building in cause number 07-0366x.[1] Bledsoe alleges that on October 4, 2007, the Texas Board of Pardons and Paroles issued a pre-revocation warrant on allegations Bledsoe violated the terms of his parole. Bledsoe alleges he remained incarcerated in the Harrison County jail from September 26, 2007 until January 28, 2008, at which time he was transferred to the East Texas Intermediate Sanction Facility in Henderson, Texas, where he remained until March 13, 2008, when the Board of Pardons and Paroles lifted the warrant.

[1]Bledsoe refers to Exhibit "C" attached to a previous petition for writ of mandamus filed with this Court in January 2011 on the same issue, in cause number 06-11-00003-CR, styled *In re Jamie Lee Bledsoe*. That petition was dismissed for lack of jurisdiction. Exhibit "C" is a file-marked copy of the indictment against Bledsoe for the charge of burglary of a building. Because the previous petition was filed by Bledsoe, and was based on the same facts giving rise to this petition, we will take judicial notice of those exhibits previously provided to this Court in cause number 06-11-00003-CR. *See Joe Williamson Constr. Co. v. Raymondville Indep. Sch. Dist.*, 251 S.W.3d 800, 802 n.2 (Tex. App.—Corpus Christi 2008, no pet.) (court of appeals may take judicial notice of files from related mandamus proceeding).

Bledsoe contends that he was not given credit for time served from September 26, 2007 through March 13, 2008, for a total of 168 days.[2]

When a defendant has been denied credit for jail time to which he is entitled, the preferred practice is for the trial court to enter a nunc pro tunc order authorizing credit for the appropriate time. *Ex parte Forooghi*, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (Johnson, J., concurring statement); *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004) (inmate seeking pretrial time credit must first request credit for the claimed time by filing a motion for a judgment nunc pro tunc in the convicting court, and if denied, file a petition for writ of mandamus to the appropriate court of appeals); *Ex parte Evans*, 964 S.W.2d 643, 645, n.2 (Tex. Crim. App. 1998).

Here, Bledsoe avers that he filed a motion for a judgment nunc pro tunc in the trial court[3] in November 2009, and refers to Exhibit "B" attached to the January petition Bledsoe filed with this Court. Exhibit "B" is captioned "Motion for Judgment Nunc Pro Tunc," and asks the trial

---

[2]Bledsoe claims this time should be credited against his sentence in trial court cause number 99-0124x.

[3]Bledsoe further maintains that he has satisfied the administrative requirements of Section 501.0081(b) of the Texas Government Code, which provides, with one exception, that an inmate must first attempt to resolve a time-credit complaint through administrative procedures before he or she may raise such a claim in an application for a writ of habeas corpus. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Exhibit "A" is an original offender grievance form regarding Bledsoe's time-credit complaint, which indicates submission to the Time Dispute Department in Huntsville on April 1, 2009. The record does not indicate what action, if any, was taken with respect to this complaint. Because Bledsoe has filed a petition for writ of mandamus, rather than an application for a writ of habeas corpus, the administrative requirements of Section 501.0081 are not applicable here.

3

court to credit flat time toward fulfillment of Bledsoe's sentence for the 168 day period he was incarcerated pursuant to the pre-revocation warrant.[4]

There is no indication that the motion for judgment nunc pro tunc was filed in the trial court.[5] There is no file mark on the motion.[6] *See* TEX. R. APP. P. 52.7(a)(1) (requiring certified or sworn copy of every document material to relator's claim for relief and filed in any underlying proceeding). Furthermore, the record does not include any documentation verifying the dates and events (short of a copy of the indictment for burglary of a habitation) alleged to be the basis of Bledsoe's time-credit claim.

A relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a). Since Bledsoe has not furnished such a record, we cannot conclude that he is entitled to mandamus relief.

Accordingly, we deny Bledsoe's petition for writ of mandamus.

Jack Carter

---

[4]In the motion, and in this petition, Bledsoe relies on *Ex parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1988), for the proposition that he is entitled to the pre-revocation credit. That case held that any time spent in confinement pursuant to the execution of a parole pre-revocation warrant cannot be denied a parolee. *Id.* at 668; *see also Ex parte Adams*, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (prisoner who has been paroled entitled to credit for all periods he or she was confined pursuant to parole violator warrant). It is also true that an inmate has no right to credit on his or her sentence for time served in an intermediate sanction facility as a special condition of parole. *Id.* at 137–38.

[5]In his petition, Bledsoe states that the motion for judgment nunc pro tunc was filed in November 2009. The motion for judgment nunc pro tunc labeled Exhibit "B" lists a service date of July 10, 2010.

[6]The office of the District Clerk of Harrison County have confirmed that a motion for judgment nunc pro tunc was not filed in either cause number 07-0366x or 99-0124x.

Justice

Date Submitted:     April 7, 2011
Date Decided:       April 8, 2011

Do Not Publish