

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00132-CR

_____

IN RE:
JAMIE LEE BLEDSOE

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jamie Lee Bledsoe has petitioned this Court for mandamus relief, naming as respondent the 71st Judicial District Court of Harrison County, Texas. Bledsoe asks this Court to order the trial court to grant his motion for judgment nunc pro tunc, to correctly credit Bledsoe with actual time served, for which he claims no credit was given.[1] We deny the petition for writ of mandamus, because we lack jurisdiction to grant the requested relief.

The proceedings giving rise to this petition begin with Bledsoe's conviction in February 2001, in cause number 99-0124x in the 71st Judicial District Court of Harrison County, Texas, for the offense of possession of a controlled substance. According to his petition, Bledsoe was sentenced to fifteen years' imprisonment for that offense. Bledsoe's petition alleges that he was released on parole in January 2006 and that, thereafter, on September 26, 2007, Bledsoe was arrested for the offense of burglary of a building in cause number 07-0366x. Bledsoe further alleges that, on October 4, 2007, the Texas Board of Pardons and Paroles issued a pre-revocation warrant on allegations Bledsoe violated the terms of his parole. Bledsoe alleges he remained incarcerated in the Harrison County jail from September 26, 2007, until January 28, 2008, at which time he was transferred to the East Texas Intermediate Sanction Facility in Henderson, Texas, where he remained until March 14, 2008, when the Texas Board of Pardons and Paroles lifted the

---

[1]When a defendant has been denied credit for jail time to which he is entitled, the preferred practice is for the trial court to enter a nunc pro tunc order authorizing credit for the appropriate time. *Ex parte Forooghi*, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (Johnson, J., concurring).

2

warrant and he was released.   Bledsoe asserts that he was not given credit for time served from September 26, 2007 through March 13, 2008, for a total of 168 days.[2]

An inmate seeking a pretrial time credit must first request credit for the claimed time by filing a motion for a judgment nunc pro tunc in the convicting court, and if not ruled on, file a petition for writ of mandamus to the appropriate court of appeals to direct the trial court to act on the motion.  *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004); *Ex parte Evans*, 964 S.W.2d 643, 645 n.2 (Tex. Crim. App. 1998).

We may grant a petition for writ of mandamus when the relator shows[3] that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial.   *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing *Winters v. Presiding Judge of Criminal Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)).   An act is ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment."  *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981) (orig. proceeding).   When a motion is properly filed and pending before a trial court, the act of considering and ruling on that motion is a ministerial act which may be compelled by mandamus.

---

[2]As best we can determine, Bledsoe claims this time should be credited against his sentence in trial court cause numbers 07-0366x and 99-0124x.

[3]Due to the nature of this remedy, it is Bledsoe's burden to properly request and show entitlement to the mandamus relief.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

*Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992).

Here, Bledsoe specifically requests that we rule on the merits of his motion for judgment nunc pro tunc and order the trial court to grant his motion. While we have jurisdiction to direct the trial court to consider a pending motion and rule on it, we may not, in advance, tell the court what ruling it should make. *See Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding); *State ex rel. Hill v. Court of Appeals*, *Fifth Dist.*, 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001) (orig. proceeding). Accordingly, we deny Bledsoe's petition for writ of mandamus, because we lack jurisdiction to grant the relief he requests.

Josh R. Morriss, III
Chief Justice

Date Submitted: August 12, 2011
Date Decided: August 15, 2011

Do Not Publish

4