In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00132-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

JAMIE
LEE BLEDSOE

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Jamie Lee Bledsoe has petitioned
this Court for mandamus relief, naming as respondent the 71st Judicial District
Court of Harrison County, Texas.  Bledsoe
asks this Court to order the trial court to grant his motion for judgment nunc
pro tunc, to correctly credit Bledsoe with actual time served, for which he
claims no credit was given.[1]  We deny the petition for writ of mandamus,
because we lack jurisdiction to grant the requested relief.

            The proceedings giving rise to this
petition begin with Bledsoe’s conviction in February 2001, in cause number 99-0124x
in the 71st Judicial District Court of Harrison County, Texas, for the offense
of possession of a controlled substance. 
According to his petition, Bledsoe was sentenced to fifteen years’
imprisonment for that offense.  Bledsoe’s
petition alleges that he was released on parole in January 2006 and that,
thereafter, on September 26, 2007, Bledsoe was arrested for the offense of
burglary of a building in cause number 07-0366x.  Bledsoe further alleges that, on October 4,
2007, the Texas Board of Pardons and Paroles issued a pre-revocation warrant on
allegations Bledsoe violated the terms of his parole.  Bledsoe alleges he remained incarcerated in
the Harrison County jail from September 26, 2007, until January 28, 2008, at
which time he was transferred to the East Texas Intermediate Sanction Facility
in Henderson, Texas, where he remained until March 14, 2008, when the Texas Board
of Pardons and Paroles lifted the warrant and he was released.  Bledsoe asserts that he was not given credit
for time served from September 26, 2007 through March 13, 2008, for a
total of 168 days.[2]

            An inmate seeking a pretrial time
credit must first request credit for the claimed time by filing a motion for a
judgment nunc pro tunc in the convicting court, and if not ruled on, file a
petition for writ of mandamus to the appropriate court of appeals to direct the
trial court to act on the motion.  Ex parte Ybarra, 149 S.W.3d 147 (Tex.
Crim. App. 2004); Ex parte Evans, 964
S.W.2d 643, 645 n.2 (Tex. Crim. App. 1998).

            We may grant a petition for writ of
mandamus when the relator shows[3]
that there is no adequate remedy at law to redress the alleged harm and that
the act to be compelled is purely ministerial. 
Aranda v. Dist. Clerk, 207
S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing Winters v. Presiding Judge of Criminal
Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)).  An act is ministerial “where the law clearly
spells out the duty to be performed . . . with such certainty that nothing is
left to the exercise of discretion or judgment.”  Tex.
Dep’t of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim. App.
1981) (orig. proceeding).  When a motion
is properly filed and pending before a trial court, the act of considering and
ruling on that motion is a ministerial act which may be compelled by
mandamus.  Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992).

            Here, Bledsoe specifically requests
that we rule on the merits of his motion for judgment nunc pro tunc and order
the trial court to grant his motion. 
While we have jurisdiction to direct the trial court to consider a
pending motion and rule on it, we may not, in advance, tell the court what
ruling it should make.  See Crofts v. Court of Civil Appeals,
362 S.W.2d 101 (Tex. 1962) (orig. proceeding); State ex rel. Hill v. Court of Appeals, Fifth Dist., 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001) (orig.
proceeding).  Accordingly, we deny
Bledsoe’s petition for writ of mandamus, because we lack jurisdiction to grant
the relief he requests.

 

 

                                                                                    Josh R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:    
August 12, 2011

Date Decided:      
August 15, 2011

 

Do Not Publish











[1]When
a defendant has been denied credit for jail time to which he is entitled, the
preferred practice is for the trial court to enter a nunc pro tunc order
authorizing credit for the appropriate time.  Ex parte
Forooghi, 185 S.W.3d 498, 499 (Tex. Crim. App. 2006) (Johnson, J.,
concurring).





[2]As
best we can determine, Bledsoe claims this time should be credited against his
sentence in trial court cause numbers 07-0366x and 99-0124x. 

 





[3]Due
to the nature of this remedy, it is Bledsoe’s burden to properly request and
show entitlement to the mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (per curiam) (“Even a pro se applicant for a writ of mandamus must
show himself entitled to the extraordinary relief he seeks.”).