

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00420-CR**
**No. 10-19-00428-CR**
**No. 10-19-00429-CR**

**JEREMY PAUL CASTILLO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court Nos. 37297CR, 37298CR,**
**and 41522CR**

## MEMORANDUM OPINION

In each of the above-numbered causes, Appellant Jeremy Paul Castillo appeals the

trial court's order denying his motion for a *nunc pro tunc* judgment. Castillo asserts in

each case that the trial court failed to properly credit him for the time he spent in pre-trial custody.[1]  We dismiss Castillo's appeals for lack of jurisdiction.

We do not have appellate jurisdiction of the denial of a motion for judgment *nunc pro tunc*.  *See Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008); *see also Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd) (mem. op.).  The appropriate remedy to obtain review of the denial of a *nunc pro tunc* motion is by a petition for writ of mandamus. *Castor*, 205 S.W.3d at 667 (citing *Ex parte Forooghi*, 185 S.W.3d 498 (Tex. Crim. App. 2006) (Johnson, J., concurring statement)); *see also Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004).  Although Castillo previously filed an application for a petition for writ of mandamus in Cause Number 10-19-00396-CR, the relief Castillo requested was an order directing the trial court to rule on Castillo's motion for judgment *nunc pro tunc*. Castillo then filed a pleading entitled "Petition for Appeal From the Trial Courts Ruling for Judgment Nunc Pro Tunc" that noted that the trial court had ruled on his *nunc pro tunc* motion.  We accordingly dismissed the petition for writ of mandamus.  *See In re Castillo*, 10-19-00396-CR, 2019 WL 6606858, at *1 (Tex. App.—Waco Dec. 4, 2019, no pet.) (mem. op., not designated for publication).

---

[1] The copies of the judgments Castillo included as exhibits indicate that Castillo was credited by the trial court in cause numbers 37297CR and 37298CR for the time Castillo spent in custody from September 14, 2016 to March 27, 2017.  Castillo does not argue that this amount of time is incorrect, but that he should be credited with the same amount of time in cause number 41522CR.  Additionally, the trial court issued an order denying Castillo's request for a *nunc pro tunc* judgment only in cause number 41522CR as there was no additional time requested in cause numbers 37297CR and 37298CR.  Castillo has, therefore, presented no issue upon which relief could be granted in cause numbers 37297CR and 37298CR.

Even if we construe Castillo's present appeals as petitions for writs of mandamus, we lack jurisdiction to consider his claims because he has not established that the trial court failed to perform a ministerial duty. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding) (mandamus requires relator to prove he has no adequate remedy at law and that act sought to be compelled is purely ministerial). The ministerial-act requirement is satisfied if the relator shows a clear right to the relief sought. *Id*. Castillo does not show that he has a clear right to the relief he requests. There is neither factual nor legal support for Castillo's assertion that he is entitled to additional credit for time served in cause number 41522CR.

The plea agreement entered in cause number 41522CR, signed by Castillo, reflects that Castillo agreed that he was entitled to credit on his sentence in cause number 41522CR only from 5-29-16 to 5-30-16. The plea agreement refers to no other cases. "[A] plea bargain is a contract between the state and the defendant . . . [and] they are bound by the terms of that agreement once it is accepted by the judge." *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). The trial court did not fail to perform a ministerial act because awarding additional credit for time served was not included in Castillo's plea agreement.

Additionally, Castillo previously attempted to obtain credit on his sentence for time served through a writ of habeas corpus in our Cause Number 10-18-00280-CR.[2] The trial court entered findings of fact and conclusions of law and specifically found that

---

[2] The documents related to Castillo's petition for writ of habeas corpus are included in the clerk's record filed in this appeal.

Castillo "plea bargained for two days of time credit, May 29 and 30, 2016, and such credit was accurately reflected on the judgment. . . ." The Court of Criminal Appeals dismissed Castillo's application for writ of habeas corpus without written order. *Ex parte Castillo*, No. WR-88,609-03 (Tex. Crim. App. Apr. 3, 2019). The issue presented by Castillo has, therefore, already been resolved.

Castillo's claim is also without statutory basis. Article 42.03, section 2(a) of the Code of Criminal Procedure provides that the trial court "shall give the defendant credit on his sentence for the time that the defendant has spent in jail *for the cause*." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (emphasis added).[3] The sentences imposed in cause numbers 37297CR, 37298CR, and 41522CR are running concurrently, but they are separate and distinct from each other. As the trial court noted in its findings of fact and conclusions of law, Castillo's "September 14, 2016 arrest was pursuant to two capiases issues [sic] on probation revocations in cause numbers 37297CR and 37298CR," but not in cause number 41522CR. The trial court found that Castillo was arrested in cause number 41522CR on May 29, 2016 and bonded out of jail on that charge on May 30, 2016. Castillo was, therefore, entitled under article 42.03, § 2(a) only to the two days' credit included in his judgment in cause number 41522CR. *See Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd) (noting that credit required by article 42.03 "relates not just to any time the defendant spent incarcerated before conviction" but rather to "the time one is incarcerated for the case in which he is ultimately tried and

---

[3] We cite to the current version of article 42.03 of the Code of Criminal Procedure because the subsequent amendments do not affect the outcome of this appeal.

convicted."); *see also Sorrells v. State*, No. 09-17-00308-CR, 2018 WL 2054963 at *6 (Tex. App.—Beaumont May 2, 2018, pet ref'd) (defendant entitled to credit in each cause that was independent and sufficient cause of detention);[4] *Martinez v. State*, No. 13-14-00085-CR, 2005 WL 1805500, at *3 (Tex. App.—Corpus Christi July 28, 2005, no pet.) (mem. op., not designated for publication) ("A trial court must award credit for time served for the same offense and not time incarcerated pretrial for independent offenses."). As there was no factual or legal basis for awarding additional credit for time served in cause number 41522CR, the trial court did not fail to perform a ministerial act.

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

Castillo may file a motion for rehearing with this Court within fifteen (15) days after the opinion and judgment are rendered if he believes this opinion and judgment are erroneously based on inaccurate information or documents. *See* TEX. R. APP. P. 49.1. If Castillo desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within thirty (30) days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).

---

[4] Under Rule 47.7(a) of the Rules of Appellate Procedure, unpublished memorandum opinions not designated for publication have no precedential value but may be cited with the notation, "(not designated for publication)." Unpublished memorandum opinions are persuasive rather than binding precedent that the court may follow or reject. *See Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

REX D. DAVIS
Justice

Before Chief Justice Gray,*
 Justice Davis, and
 Justice Neill
 *(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue, however he provides the following note. I join the first two and last two paragraphs only. Everything else is dicta.)
Dismissed
Opinion delivered and filed February 12, 2020
Do not publish
[CR25]

